William John **ROTHERING, Jr.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9531.

United States Court of Appeals
Tenth Circuit.

Oct. 10, 1967.

Richard V. Foote, Wichita, Kan., for appellant.

Guy L. Goodwin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., District of Kansas, was with him on the brief), for appellee.

Before WILBUR K. MILLER,* and BREITENSTEIN, and SETH, Circuit Judges.

* Of the District of Columbia Circuit, sitting by designation.

PER CURIAM.

A jury found appellant guilty of violating 18 U.S.C. § 871 by making an oral threat against the life of the President of the United States. He appeals from a sentence imposed under 18 U.S.C. § 4208.

A merchant policeman arrested appellant after he saw him with his fist through the broken glass of a door entering a food market in Wichita, Kansas. At the time appellant said that he wanted to go to jail; that he would do the same thing over again; that he would rob other people; and that "if that didn't do any good 'I will kill the President if it is necessary.'" The next day he was interrogated by a Wichita detective, and, after having been fully informed of his rights, repeated the statement with specific reference to President Johnson. Later he was seen by a Secret Service agent who gave him the necessary admonition about his rights. The agent testified that appellant told him he would kill the President of the United States if necessary to be sent to the penitentiary. In putting on its case the government called a psychiatrist who testified without any significant objection that appellant was sane and competent. Appellant testified in his own behalf and denied making the threats.

■ Appellant says that the indictment charged only the threat which he made to the merchant policeman and that the admission in evidence of the threats to the Wichita detective and to the Secret Service agent was erroneous because they constituted separate offenses. It is true that the charge of the indictment is based on the threatening words stated to the merchant policeman. The. other statements were made when appellant was being properly interrogated and are his explanation of the crime with which he was charged rather than an independent crime. Even if considered as independent offenses, they were so related to the crime charged that they serve "to establish a motive, intent, or absence of mistake or accident as to the crime charged." Morgan v. United States, 10 Cir., 355 F. 2d 43, 45.

■ Error is also alleged in the rejection of the appellant's offer to prove by a professor of English that the words used did not constitute a threat because they were in the nature of a hyperbole and were not intended to be taken literally. This point was rendered moot by the fact that, when appellant took the stand in his own defense, he denied making the statements. In any event we held in Pierce v. United States, 10 Cir., 365 F.2d 292, that the claim that a threat was made as a joke was no defense to a prosecution under § 871. The claim of exaggeration is entitled to the same treatment.

Affirmed.