195 P.2d 622

## STATE v. BORREGO.
### No. 5066.

Supreme Court of New Mexico.
June 23, 1948.

Rehearing Denied Aug. 5, 1948.

H. A. Kiker and Charles C. Spann, both of Santa Fe, for appellant.

C. C. McCulloh, Atty. Gen., and William R. Federici, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

The defendant, appellant here, was charged with the crime of involuntary

manslaughter, was found guilty by a jury, and from a judgment on the verdict has prosecuted this appeal.

A brief summary of the voluminous record discloses the following facts: On November 6, 1946, appellant, the driver, in company with Estevan Martinez and Lorenzo Romero, left the settlement of Vadito, in a pick-up truck belonging to Estevan Martinez. They drove in a westerly direction to the settlement of Penasco. Before their departure, they stopped at Cosme Roybal's bar, where appellant and Estevan Martinez each partook of two or three drinks of whiskey. The appellant and his companions all occupied the front seat of the truck. On this same evening Rogerio Duran and his wife left their home in Rodarte en route to Vadito and Penasco. While in the settlement of Penasco the deceased and his wife observed one of his trucks parked in front of Epifanio Chacon's premises. The deceased stopped his car on the highway next to this truck but found that the driver was not there, then noticed another truck owned by him parked some seventy-five yards below the highway in front of the Romero filling station. Thereupon he went to where it was and there engaged in conversation with its driver. This filling station is approximately fourteen feet down an incline from the highway. Upon his return trip to his car, and about fourteen feet in front of the second truck, which was parked about two feet from the pumps, he was struck by the pick-up truck driven by the appellant and died within an hour and a half thereafter. At the time the pick-up truck left the highway and went down the incline towards the filling station it was traveling at the rate of 40 to 50 miles per hour. The appellant after striking the deceased momentarily stopped his truck about 80 yards from the scene of the accident, but did not get out of the small truck or return thereto. He and his companions continued their journey in the direction of Rio Lucia and then stopped at Roybal's saloon, approximately three quarters of a mile south from the Romero filling station where they remained about fifteen minutes. Then appellant and his companions returned to the filling station, but he (appellant) did not go into the house. However, Estevan Martinez, did get out and go in but returned within five minutes and they then drove to appellant's home some thirty miles away, again returning to the scene of the accident with his father, mother and brother. There is testimony that the appellant was under the influence of intoxicating liquor at the time and place of the accident.

Appellant and his companions denied that: either of them were drunk; denied that he was driving the small truck in a reckless and heedless manner, and stated he was traveling at the rate of 25 to 30 miles per hour at the time of the accident; denied having struck the deceased close to the

filling station, but admitted striking the deceased just beyond the center line on the highway, at a point where the highway curves.

The first eight assignments of error are based upon instructions given by the court and the refusal of others requested by appellant.

Along with the general instructions, the trial court gave the following on its own motion:

"No. 6. Our statutes further provide that 'Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished, * * *. This is an unlawful offense not amounting to a felony.'

"No. 7. In this connection, the Court instructs you that while evidence of intoxication might bear upon the question of whether defendant was guilty of reckless driving, it does not necessarily prove it; but it is a circumstance to be considered by the jury in deciding the issue.

"No. 8. Our statutes further provide that 'It shall be unlawful * * * for any person whether licensed or not * * * who is under the influence of intoxicating liquor * * * to drive any vehicle upon a highway within this state.' A first conviction under this statute is an unlawful offense not amounting to a felony.

"No. 9. And in this connection the Court instructs you that a person who has taken a drink of intoxicating liquor is not necessarily under its influence; but if it affects him so that to the slightest degree he is less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle an automobile with safety to himself and the public, he is under the influence of intoxicating liquor.

"No. 10. If you believe from the evidence beyond a reasonable doubt, that on the 6th day of November, A. D. 1946, at the County of Taos in the State of New Mexico, or at any other time within three years next prior to the 2d day of June, A.D. 1947, the date the information was filed in court, the defendant, Frank Borrego, did unlawfully kill Rogerio Duran, while in the commission of an unlawful act not amounting to a felony or in the commission of a lawful act which might produce death in an unlawful manner, or without due caution and circumspection, then you will find the defendant guilty of involuntary manslaughter.

"No. 11. You are further instructed that if you find the defendant was under the influence of intoxicating liquor at the time and place when and where Rogerio Duran was struck by an automobile being

driven by the defendant, that is a circumstance to be considered by you in determining whether the defendant was then and there driving said automobile carelessly and heedlessly and in willful or wanton disregard of the safety of others; and unless you find beyond a reasonable doubt that he was then and there driving said automobile carelessly and heedlessly and in willful or wanton disregard of the safety of others, then your verdict must be for the acquittal of the defendant."

In addition to the above instructions the court gave the following instructions requested by the appellant:

"No. 1. Before you would be warranted in finding the defendant guilty in this case you must find beyond a reasonable doubt that at the time and place, when and where Rogerio Duran was struck by the automobile being driven by the defendant, the defendant carelessly and heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection, drove said automobile in such manner as to endanger any person.

"No. 2. You are instructed that the mere fact that one drives an automobile while under the influence of intoxicating liquor is not sufficient to convict him of the crime of involuntary manslaughter; and you are further instructed that in case you believe the defendant at the time and

place when and where Rogerio Duran was struck by the automobile being driven by the defendant, was under the influence of intoxicating liquor, that would not be sufficient to justify you in convicting the defendant of the crime charged in the information, unless you further find and believe from the evidence beyond a reasonable doubt that the fact that defendant was under the influence of intoxicating liquor was the proximate cause of the death of the said Rogerio Duran."

"No. 4. You are instructed, Gentlemen of the Jury, that if you believe from the evidence in the case that the death of Rogerio Duran was the result of an unavoidable accident then your verdict must be for the defendant."

"No. 6. You are further instructed, Gentlemen of the Jury, that the expression previously used in these instructions in the words carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, mean such conduct as evidences utter disregard willfully exercised for the rights of others; that is to say that before one can be held to have acted carelessly and heedlessly, in willful or wanton disregard of the rights and safety of others in the driving of an automobile it must be found beyond a reasonable doubt that he so drove the vehicle as to manifest a total want of care whether others might suffer injury to their persons or the loss of lives

from said automobile; and in this case unless you find at the time and place, when and where Rogerio Duran was struck and injured the defendant was then and there driving said automobile in such manner as shows beyond a reasonable doubt that he had no interest in the safety of any other who might be in the highway, or against whom he might run, then and in that event you must find the defendant not guilty."

The court refused to give the following instructions requested by the defendant:

"No. 3. You are instructed, Gentlemen of the Jury, that unless you find and believe that at the time and place when and where Rogerio Duran was struck by the automobile then being driven by the defendant, that the defendant was driving said automobile carelessly and heedlessly and in wilfull or wanton disregard of the rights or safety of other people, then your verdict must be for the defendant."

"No. 5. You are instructed, Gentlemen of the Jury, that it is an offense against the laws of the State of New Mexico for any person to drive an automobile when under the influence of intoxicating liquor; but you are further instructed that the defendant is not on trial for this offense. The defendant is on trial upon a charge of involuntary manslaughter, based upon the fact that Rogerio Duran lost his life by being struck by an automobile driven by the defendant; and even though you find

and believe that at the time and place when said Rogerio Duran was struck by the automobile being driven by the defendant, that defendant was under the influence of intoxicating liquors, that fact alone is not sufficient to justify you in convicting him of the crime charged against him, that is involuntary manslaughter. You are further instructed, however, that if you find the defendant was under the influence of intoxicating liquor at the time and place, when and where Rogerio Duran was struck by an automobile being driven by the defendant, that is a circumstance to be considered by you in determining whether defendant was then and there driving said automobile carelessly and heedlessly and in willful or wanton disregard of the safety of others; and unless you find beyond a reasonable doubt that he was then and there driving said automobile carelessly and heedlessly and in willful or wanton disregard of the safety of others, then your verdict must be for the acquittal of the defendant."

We are of the opinion that requested instructions 3 and 5 were sufficiently covered by the instructions given by the court. Therefore, the refusal to give them was not error. Territory v. Pierce, 16 N. M. 10, 113 P. 591; Territory v. Baker, 4 N.M. 236, 13 P. 30; Cunningham v. Springer, 13 N.M. 259, 82 P. 232; State v. Bailey, 27 N.M. 145, 198 P. 529; State v. Turney, 41 N.M. 150, 65 P.2d 869.

The defendant complains that under instructions Nos. 6 to 11, inclusive, the jury might well have believed it was their duty to convict the defendant if he drove the car while under the influence of intoxicating liquor, or in a reckless and heedless manner although it did not find either of said acts was the proximate cause of the death of deceased. The defendant's requested instruction No. 2 which was given by the court took care of the drunken driving feature of the case. It is true that on the reckless driving question the court did not instruct the jury that defendant could not be convicted on this branch of the case unless it found such driving to be the proximate cause of the death of the deceased, but this omission is not available to the defendant here due to his failure to enter a proper exception or tender an instruction on this point. State v. Sisneros, 42 N.M. 500, 82 P.2d 274. The court gave the defendant's requested instructions Nos. 1 and 6, supra, on this branch of the case, and while they did not use the term "proximate cause," they were the ones desired by him at the time.

We have carefully considered the exceptions to the instructions given by the court as well as those refused and do not find that there is any error available to the defendant.

By assignment of error No. 9, appellant contends that the court erred in permitting the district attorney to inform the jury in his opening statement that the state would undertake to show the defendant, after the deceased was struck by his pick-up truck, drove away to a distance of seventy-five yards and stopped, then drove off without returning to the scene of the accident until forty minutes or an hour later, because the State attempted to show an offense committed subsequent to the death of the deceased, that is, the failure to stop at the place of the accident and render assistance, and that he likewise called attention of the jury to the length of time the defendant was away from locus in quo.

An opening statement is merely to inform the jury concerning questions of fact involved, so far as to prepare their minds for the evidence to be heard. The scope of the opening statement should be limited to getting before the jury a detail of the testimony expected to be offered. Evidence which tends to throw some light upon the guilt of defendant, and which has some logical connection with the crime charged, is not inadmissible because it may tend to show him guilty of some other crime. Appellant admitted on the stand that he had struck the deceased, but utterly failed to stop and render assistance, and on the contrary drove off and stopped at a saloon in a nearby settlement, tending to show a total disregard for the right and safety of others. State v. McDonald, 21 N.M. 110, 152 P. 1139; State v. Olivieri,

49 Nev. 75, 236, P. 1100; Rice v. People, 109 Colo. 8, 121 P.2d 658; State v. Ricks, 170 La. 507, 128 So. 293.

■■ Assignments of error 10 to 16 inclusive, are predicated on the ground that the court erred in permitting the State to introduce evidence, over his (appellant's) objections, to show that he, instead of stopping his car, immediately after the accident, drove on some 80 yards, stopped a moment, and then drove on, because it was an attempt to show a separate and distinct offense, and therefore was inadmissible. We believe evidence which is competent, relevant and material cannot be excluded solely because it also tends to prove the person on trial guilty of some other crime. State v. Johnson, 37 N.M. 280, 21 P.2d 813, 89 A.L.R. 1368; State v. Bassett, 26 N.M. 476, 194 P. 867; and 20 Am.Jur. page 289, Section 310. Evidence otherwise competent, is not incompetent because it connects the defendant with an independent crime. The movements, conduct and admissions of the defendant for more than one and a half hours after the accident were clearly admissible as characterizing his attitude of mind at the time of the killing, and were so connected with the events as to be part of the whole transaction. State v. Graves, 21 N.M. 556, 157 P. 160; State v. Pino, 21 N.M. 660, 158 P. 131; State v. Lord, 42 N.M. 638, 84 P.2d 80; People v. Allen, 368 Ill. 368, 14 N.E.2d 397; and

Opanchar v. State, 197 Wis. 454, 222 N. W. 245.

■ It is to be noted that the appellant first injected this testimony into the case himself, and we are of the opinion that he cannot now complain. State v. Stone, 41 N.M. 547, 72 P.2d 9; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900; State v. Stewart, 34 N.M. 65, 277 P. 22; and State v. Burrus, 38 N.M. 462, 35 P.2d 285.

It is further contended by the defendant that the court erred in permitting the district attorney to ask the witness Estevan Martinez the following questions on cross-examination over his objections:

"Q. Did you or Frank Borrego go into Cosme's saloon at any time before the accident that afternoon? A. Yes.

"Q. Did you drink any whiskey in the Cosme bar at the time you went in? A. Yes.

"Q. Did Frank Borrego drink any whiskey or anything else in there when he went with you? A. Yes.

"Q. Are you able to state approximately how many drinks of whiskey Frank Borrego had in there that evening? A. I cannot say how many.

"Q. Several drinks? A. Two or three."

■ Testimony was introduced by the State tending to show that the defendant,

at the time of the fatal accident, was under the influence of intoxicating liquor. We cannot say that the court's ruling was prejudicial, even though erroneous, because the same questions were asked the defendant on his direct examination and the same answers were given by him. In 4 C.J. page 968, Section 2951, 5 C.J.S., Appeal & Error, § 1724, the author states:

"Ruling upon questions asked a witness on cross-examination although erroneous, will not constitute ground for reversal for error where no substantial prejudice results therefrom."

On his direct examination the defendant testified as follows:

"Q. Did you tell Mr. Douglas you were drunk? A. I told him I had taken drinks.

"Q. How many drinks had you taken? A. I took two drinks at Cosme's.

"Q. Now is that what you had had to drink before this accident occurred? A. Yes.

\*    \*    \*    \*    \*    \*

"Q. Were you sober at that time, or were you drunk? A. I was sober."

Under these circumstances, we think the error was harmless. State v. Talamante, 50 N.M. 6, 165 P.2d 812.

Finding no reversible error, the judgment is affirmed, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.