**Edward Lawrence WOODLAND,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8108.**

United States Court of Appeals
Tenth Circuit.

June 25, 1965.

William R. Buge, of Ross & Buge, Cheyenne, Wyo., for appellant.

John Quinn, U. S. Atty., Albuquerque, N. M. (John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This is a direct appeal from a conviction of appellant in the United States District Court for the District of New Mexico. Appellant was found guilty by the jury of carrying on the business of a retail dealer in beer and wine without payment of the tax in violation of 26 U.S.C. § 5691(a).

The record contains evidence of three purchases of beer or wine from appellant on August 2, 1964, and August 9, 1964, by three different persons. The information filed against appellant was apparently based on these sales.[1] There was also introduced evidence of an additional sale and a second arrest of appellant on October 18, 1964.

The appellant on this appeal urges that it was error to permit the evidence to be introduced relating to the October 18th incident, and further that the trial court should have granted his motion for a mistrial when the Assistant United States Attorney referred to this later sale in his opening statement. Appellant also argues that there was insufficient evidence to prove the offense, and that his motion for acquittal should have been granted.

As to the Assistant United States Attorney's opening statement, the record shows that he stated that a certain witness would testify that he bought two pints of wine from appellant on October 18th. Appellant's attorney objected that this incident was not within the charge and asked for a mistrial. It was refused, and thereafter the opening statement continued with a reference to appellant's arrest following the October 18th sale and the finding of a quantity of wine on the premises. At the conclusion of the opening statement, the trial court told the jury that appellant was to be tried only for the offenses charged, and if evidence of others was admitted it

---

1. "On or about between the 1st day of August, 1964, and the 10th day of August 1964 * * * the defendants, * * * did carry on the business of a retail dealer in beer and wine and did wilfully fail to pay the special tax required by law to be paid by persons carrying on the business of a retail dealer in beer and wine."

would be only because it had a bearing on the charge and not for any others.[2]

The witness as to the October 18th sale was called and he testified to the purchase of wine from the appellant on that date. When the wine was offered in evidence the appellant's attorney objected to its introduction, objected to all reference to the October 18th incident, and asked for a mistrial. He based his objections on the fact that this was an act subsequent to the incidents in the charge. In the absence of the jury, the court ruled that it was admissible to show a particular course of conduct of carrying on the business of a dealer in liquor. The court then offered to explain to the jury when it returned that it was to be admitted only to show a course of conduct and that he was not being tried for such offense. Appellant's attorney insisted on a mistrial and said the admonition would not cure the error. He thus in effect refused the court's offer. The trial resumed, and at its conclusion appellant's attorney requested no instructions and had no objections to the ones given by the court.

■ The appellant here urges that a mistrial should have been granted in any event, and even though there may be an exception to the rule on the admission of evidence showing other offenses, the evidence here played too prominent a part in the trial and became too intermingled with the evidence on the offense charged. He refers to O'Dell v. United States, 251 F.2d 704 (10th Cir.), where the general rule prohibiting evidence of other offenses is stated, and where the exception is also described to permit such evidence if it tends to prove a material fact although incidentally it shows another offense. He argues that here the evidence in question did not "incidentally" show another offense but became interwoven with the other evidence and was not separated by instructions. The rec-

ord shows however that no instructions were requested and no objection was made to those given. Further the court's admonition at the time the issue first arose was adequate, and appellant's attorney refused further admonition when the evidence was introduced. This comes well within the terms of O'Dell v. United States, supra. The determination as to whether the circumstances warrant the granting of a motion for mistrial is a matter within the discretion of the trial court. Maestas v. United States, 341 F.2d 493 (10th Cir.).

■ The appellant further urges that the prosecution went beyond the scope of the exception to the rule in that too much emphasis was placed on the testimony and evidence relating to the October 18th incident. The evidence consisted of the two bottles of wine then purchased and fifteen pints of wine found on the premises following appellant's second arrest. The testimony and evidence as to this last incident does comprise a large proportion of the total case, but we cannot say that there was a misuse of the evidence properly admitted. The testimony on the other sales is clear and convincing. We held in Weeks v. United States, 313 F.2d 688 (10th Cir.), cert. den. 373 U.S. 922, 83 S.Ct. 1523, 10 L.Ed.2d 421, and quoted from O'Dell v. United States, 251 F.2d 704 (10th Cir.), that the test of admissibility under these circumstances is whether it is material to the issues being tried. Under the charge upon which appellant was here being tried, it is apparent that his course of conduct, his plan or scheme is an important element of the offense which itself is a course of conduct—the carrying on the business of a retail dealer in beer and wine. Sanseverino v. United States, 321 F.2d 714 (10th Cir.); Hughes v. United States, 320 F.2d 459 (10th Cir.), cert. den. 375 U.S. 996, 84 S.Ct. 483, 11 L.Ed.2d 415; Cram v. United States, 316

---

2. "THE COURT. I might explain that the ruling of the Court is not that the the defendant is to be tried for any facts other than those between the 1st day of August and the 10th day of August, 1964.

If other evidence is admitted, it will be admitted only as it may have a bearing on the charge in the Information, and not for any separate incidents or any further charge."

F.2d 542 (10th Cir.) ; Tandberg-Hanssen v. United States, 284 F.2d 331 (10th Cir.). Thus evidence of conduct is admissible, and the evidence of the post-charge incident is such evidence. The trial court so ruled. Doty v. United States, 261 F.2d 10 (10th Cir.) ; Morlan v. United States, 230 F.2d 30 (10th Cir.).

Contrary to appellant's contention, we hold that the evidence was sufficient and his motion for acquittal was properly denied. As mentioned above the evidence was clear and convincing. The testimony was by the persons who had made the purchases from appellant and in one instance by a police officer who witnessed a sale. Appellant here urges that the money used in the purchases should have been produced. However this was not necessary as there was other adequate evidence to prove the sale. Appellant here urges that the proof of custody of the exhibits until the trial was not proved. However no objection was made on this point during the trial and cannot be raised here for the first time.

Affirmed.