**Richard Charles MORGAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8370.**

United States Court of Appeals
Tenth Circuit.

Jan. 7, 1966.

Paul C. Duncan, Jr., Oklahoma City, Okl., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant was tried and convicted by a jury on a charge of interstate transportation of a stolen motor vehicle from Houston, Texas, to Tortugas, New Mexico, in violation of the Dyer Act, 18 U.S.C. § 2312.

On this appeal, appellant urges that the trial court committed error in failing to grant a motion for a mistrial made by the appellant during the course of the opening statement by the prosecution. The motion was based on an assertion by the Government's attorney that evidence would be introduced showing that appellant had stolen certain mechanics tools at the time he stole the automobile in question. Appellant also urges it was error for the trial court to permit the subsequent introduction of this evidence relating to the theft of the tools and their subsequent sale. As an unrelated matter, appellant also argues that he was not properly advised of his rights when he made a statement to agents of the FBI when questioned on December 14, 1963, while in jail in Fallon, Nevada, on a state charge about five months before his indictment.

Appellant was employed as a mechanic in a garage in Houston, Texas. A customer brought the Mercury automobile in question to the garage to have it repaired. The record shows that the appellant had certain mechanics tools which belonged to the owner of the garage placed in the automobile. He with his wife and six children left Houston in the car for Marfa, Texas. It appears that on the way to Marfa the appellant sold the tools. The record is not entirely clear on the point, but it appears that appellant and his family stayed for at least a week in the vicinity of Marfa or Brownsville, Texas, using the car during this period. Appellant and his wife had a disagreement, and the appellant with his two older children drove the car to El Paso, Texas, and to Las Cruces, New Mexico, where appellant found a job. The car was used from time to time in trips between El Paso, Texas, and the vicinity of Las Cruces, New Mexico. Appellant sold the car in Tortugas, New Mexico, and departed for Nevada.

The record shows, as indicated above, that the prosecution in the opening statement told the jury proof would be submitted as to the stolen tools and their subsequent sale. The appellant's motion for mistrial was denied, and subsequently evidence as to the tools was introduced over appellant's objections. The court gave instructions to the jury as to such evidence that: "It is only admissible insofar as it may be probative as to intent, or absence of mistake, or accident in connection with the status of the motor vehicle in question as an alleged stolen motor vehicle. You are not to consider evidence as to the taking and disposition of the tools for any other purpose."

■ Under prior decisions of this court the testimony relative to the theft of the tools was admissible. These cases include Woodland v. United States, 347 F.2d 956 (10th Cir.); Conford v. United States, 336 F.2d 285 (10th Cir.); Sanseverino v. United States, 321 F.2d 714 (10th Cir.); Hughes v. United States, 320 F.2d 459 (10th Cir.), and the prior series of cases cited therein. These cases state the rule that evidence is not admissible to show that the person then on trial committed another and independent crime than the one for which he is there charged. The cases further state that this general proposition is subject to an exception which permits the introduction of evidence as to the specific acts which may constitute a crime where such evidence tends to establish a common scheme, plan, system, or design, and where it is so related to the crime charged that it serves to establish the crime charged or to establish a motive, intent, or absence of mistake or accident as to the crime charged. Tandberg-Hanssen v. United States, 284 F.2d 331 (10th Cir.).

The evidence in the case at bar relating to the theft of the tools comes within the exception to the general rule as established by our previous decisions. It must be recognized however by reason of the continuous use of the car by appellant following its removal from the garage and by reason of the lapse of time, the argument of the Government in its brief that the evidence of the theft of the mechanics tools to show that appellant was "aware that the car was stolen" is not very persuasive. In any event, as indicated above, the evidence was technically within the scope of our previous decisions.

■ Evidence of other crimes than the one charged must however have a real probative value, and not just a possible worth on issues of intent, motive, absence of mistake or accident, or to establish a scheme or plan. These are the key words which express the purpose for which an exception to the general exclusionary rule is applied under prior decisions. The words are however not without limit as to breadth and meaning. They must be and will be realistically and closely defined and limited. They cannot become an occasion or excuse or device for offering evidence of other crimes which have little or no real probative value or which is cumulative. This matter is obviously a most sensitive one for the accused and for the trial court. The risk and danger is great, and this must be recognized when considering the probative value of such evidence of specific acts offered to prove the crime charged.

■ Appellant further urges that the trial court was in error in admitting evidence relative to the statement made by appellant when questioned by federal agents. The record shows however that the accused was advised of his right to counsel at the time the statement was obtained. He was not advised that there would be any court-appointed attorney at such time. There is nothing to indicate that the statement was other than voluntarily given and was properly admitted by the trial court. There is no authority which would require the appellant to have been advised that the court would appoint an attorney. As described above, the statement was given on December 14, 1963, and the indictment was handed down on May 7, 1964. The record does not show that appellant was considered to be an accused at the time the statement was given, and it does not appear that the agent was making anything more than a routine inquiry of suspects. Schultz v. United States, 351 F.2d 287 (10th Cir.).

Affirmed.