438 P.2d 172

STATE of New Mexico, Plaintiff-Appellee,

v.

Manuel VERDUGO, Defendant-Appellant.

No. 121.

Court of Appeals of New Mexico.

Feb. 16, 1968.

John M. Lenko, Lenko & Galvan, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Convicted of narcotic drug offenses contrary to §§ 54–7–13 and 54–7–14, N.M. S.A. 1953, defendant appeals. He contends the trial court erred in denying his motion for a mistrial.

The motion for a mistrial is based on answers given by prospective jurors in response to questions of the trial court.

Mrs. Gomez stated that defendant's name "came up in another trial on marijuana, I thought." The trial court excused Mrs. Gomez. Subsequently, four other prospective jurors "remembered the defendant's name came up" in another trial. The trial court excused these prospective jurors. The above answers were given in the presence and presumably the hearing of other members of the jury panel.

Defendant contends that these answers denied him a fair and impartial trial. Defendant was charged with acts involving heroin. He asserts that Mrs. Gomez' response concerning marijuana put "this thought in their minds" and thus influenced other members of the jury panel to his prejudice. He asserts that the answers of the other four prospective jurors related to Mrs. Gomez' comment and on this basis the jury could assume the defendant here was a defendant in the other case. Thus, defendant contends that answers of persons who did not serve as jurors so influenced the persons selected as jurors that the jury was not impartial.

New Mexico Constitution Article II, § 14 guarantees defendant trial by an impartial jury. This means a jury "that does not favor one side more than another, treats all alike, is unbiased, equitable, fair and just." State v. McFall, 67 N.M. 260, 354 P.2d 547 (1960). If the members of the jury did not have these qualifications, defendant was denied an impartial jury.

■ It is the duty of the trial court to see that there is a fair and impartial jury.

State v. Sims, 51 N.M. 467, 188 P.2d 177 (1947). In doing so it must exercise discretion. The trial court's decision in this regard "will not be disturbed unless the error is manifest, or there is a clear abuse of discretion." State v. McFall, supra.

■ A similar rule is applicable to motions for mistrial. Transwestern Pipe Line Co. v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961) states:

"* * * A motion to declare a mistrial is addressed to the sound discretion of the trial judge and is reviewable only for an abuse thereof. * * * The trial judge is in a much better position to know whether a miscarriage of justice has taken place and his opinion is entitled to great weight in the absence of a clearly erroneous decision. * * *"

All prospective jurors were advised that they were to weigh the evidence fairly and impartially· and decide the case in the light of the evidence and the instructions of the court. By their responses on voir dire the jurors selected indicated they would do so.

The answers given by the five excused prospective jurors do not identify defendant as a defendant in this other case, which might have involved marijuana. Defendant's name had been mentioned, but in what context we do not know. Nothing in the record indicates the jurors selected were influenced by these answers or were other than impartial in reaching their verdict.

■ It was neither manifest error nor an abuse of discretion to select a jury from persons who heard the answers of the five excused panel members. See State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967); State v. McFall, supra; State v. Burrus, 38 N.M. 462, 35 P.2d 285 (1934).

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.