483 P.2d 1323

STATE of New Mexico, Plaintiff-Appellee,

v.

Joseph L. GUY, Defendant-Appellant.

No. 593.

Court of Appeals of New Mexico.

April 2, 1971.

David H. Pearlman, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Richard J. Smith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The appeal is from defendant's conviction of "escape from penitentiary." Section 40A–22–9, N.M.S.A. 1953 (Repl. Vol. 6). Defendant claims the trial court erred in denying his motions for a mistrial. This claim concerns defendant's language and conduct in the courtroom.

During an outburst by defendant at the beginning of his trial, he declared " * * * I'm not going to stand trial, not peaceably, in this county." Defendant continued to interrupt the proceedings and the trial judge directed officers to restrain him. The jury was excused. Defendant was handcuffed. Defendant then proceeded to insults and obscenities. He called courtroom attendants "mother fucker" and "son of a bitches" and the judge a "cock punk." When the judge gave defendant an opportunity to calm down, he reiterated "I'm not standing trial in this Court." After a recess, the jury was returned to the courtroom and the judge directed that the handcuffs be removed. The trial proceeded.

At the conclusion of the direct examination of a prosecution witness, the record

shows that defendant "* * * has just cut his wrists with a razer [sic] blade." The trial was recessed for the day and defendant was given medical attention. The medical report is that defendant was treated for "superficial lacerations of the left forearm" which were not disabling.

On the following morning, defendant moved for a mistrial on the grounds of what the jury "witnessed." This was denied. The witness of the preceding day was cross-examined. During the direct examination of the second witness, defendant stood up and started talking to his guards. The jury was excused. Defendant than proceeded with another outburst which resulted in defendant being placed in a straitjacket. Trial resumed. Defendant began making comments on the testimony of the second witness. The judge directed the trial to continue even though defendant was talking.

Defendant's comments, including obscenities, were then elevated to a scream. Defendant was muffled with a towel over his mouth and restrained by officers. In a short time the screaming recommenced. One question and answer later defendant is described as "mumbling." Fourteen questions and answers subsequently he is described as lying on the floor. A recess was called. Defendant is described as making horrible noises, growling and "looks like he is having a spastic fit." Defendant was then attended by a physician.

Defendant again moved for a mistrial, asserting "* * * that the jury after witnessing the defendant's actions and hearing the language of the defendant it is not possible for them to reach a fair and unbiased verdict. * * *" The motion was denied, the trial continued to conclusion without further untoward incident, and without further physical restraint of defendant.

■■ A motion for mistrial is addressed to the sound discretion of the court and its ruling on the motion will not be re-versed unless there is an abuse of discretion. State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968); State v. Campos, 61 N.M. 392, 301 P.2d 329 (1956); see State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App. 1970); State v. Verdugo, 78 N.M. 762, 438 P.2d 172 (Ct.App.1968). The record shows that the trial court, when confronted by defendant's language and conduct, proceeded carefully and calmly to insure the defendant received a fair and impartial trial, even remarking to the jury that these matters were not to have any bearing on their deliberations. There is nothing in the record showing that the trial court abused its discretion.

In United States v. Bentvena, 319 F.2d 916 (2nd Cir. 1963), cert. denied Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963), the trial judge was confronted with "vile language and rebellious conduct." A motion for mistrial was denied. Affirming this action, the opinion states: "Law enforcement and fair trial for those accused of violations is not to be limited to the pattern chosen by defendants. The administration of criminal justice * * * will not be delivered into the hands of those who could gain only from its subversion. * * *" See Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); State v. Van Bogart, 85 Ariz. 63, 331 P.2d 597 (1958), cert. denied 359 U.S. 973, 79 S.Ct. 886, 3 L.Ed.2d 838 (1959); People v. Merkouris, 46 Cal.2d 540, 297 P.2d 999 (1956); People v. Kerridge, 20 Mich.App. 184, 173 N.W.2d 789 (1969).

The "vile language and rebellious conduct" of United States v. Bentvena, supra, applies to all of defendant's conduct with the possible exception of what the record described as a "spastic fit." Defendant characterizes this as an epileptic seizure and contends that defendant should not be held responsible for this "fit." There is no medical opinion diagnosing the cause of the "fit," but the record does show it was preceded by outbursts on defendant's part

described as screams, that upon the onset of the "fit" the trial was recessed, defendant was given medical attention and that during the remainder of the trial there were no outbursts and no physical restraint of defendant.

Regardless of the cause of the "fit," the issue is whether the trial court abused its discretion in denying the mistrial. The fact that defendant had a "fit" in the courtroom does not, in itself, show an abuse of discretion in denying a mistrial, and the other circumstances affirmatively show no abuse.

The judgment and sentence is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.