484 P.2d 1288

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Jessie GUTIERREZ, Defendant-Appellant.**
**No. 608.**

Court of Appeals of New Mexico.
April 16, 1971.
Certiorari Denied May 12, 1971.

Thomas E. Jones, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ray Shollenbarger, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Appealing his conviction of burglary, § 40A–16–3, N.M.S.A.1953 (Repl.Vol. 6), defendant raises six issues. They are: (1) continuance; (2) sufficiency of the evidence; (3) expert testimony; (4) advice of rights; (5) a refused instruction; and (6) verdict based on passion and prejudice.

*Continuance.*

■ Defendant was arrested February 10, 1969. An attorney was appointed to represent him the same day. He was arraigned March 17th. Trial was set for June 17th; notice to that effect was mailed by the District Attorney's office on May 14th. Defendant's counsel obtained a continuance on the basis that defendant had not co-operated with counsel and counsel was unprepared for trial.

The case was then set for trial on July 29th, but defendant disqualified the designated judge, thus obtaining further delay.

The case was next set for trial on December 5th but this was vacated at the request of the State. The next trial date was December 19th. Defendant sought a continuance " * * * until some future date at which time the Defendant will be more competent to assist in his defense. * * *" The continuance was granted.

The case was tried February 2, 1970, almost a year after the arrest date and the date defendant was provided with counsel. Defense counsel sent defendant notice of this trial date on January 17, 1970. Defendant apparently made no reply to this notice, with the result that on the morning of trial and during the trial, counsel found it necessary to interview witnesses.

Here, defendant claims the trial date was premature; he claims the trial should not have taken place when it did because defendant had not cooperated with counsel in preparing for trial.

Section 21–8–9, N.M.S.A.1953 (Repl.Vol. 4) states in part: "A continuance shall not be granted for any cause growing out of the fault or negligence of the party applying therefor; * * *" Here, the claim that the trial shouldn't have been held on February 2, 1970, is based on defendant's failure to cooperate with his counsel. Implicit in this claim is the view that trials should not be held except at the convenience of a defendant. That is not the law. Compare State v. Guy, (Ct.App.), 82 N.M. 483, 483 P.2d 1323, decided April 2, 1971. There was no error in trying the case on February 2, 1970.

*Sufficiency of the evidence.*

■ Defendant asserts the State failed to prove the corpus delicti in that it failed to demonstrate either that something was stolen or the ownership of property involved. This argument is based on a misunderstanding of the crime of burglary.

Section 40A–16–3, supra, requires an unauthorized entry of a structure " * * * with the intent to commit any felony or theft therein." Defendant was charged with unauthorized entry with an intent to commit a theft in the structure entered— here, a school cafeteria. The crime of burglary was complete at the moment defendant made an unauthorized entry with intent to commit a theft. To prove the burglary, the State was not required to prove either that defendant stole something or ownership of any articles stolen. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Ford, 81 N.M. 556, 469 P.2d 535 (Ct.App.1970); State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967).

There is substantial evidence of an unauthorized entry with intent to commit a theft. A window in the cafeteria building had been broken. Defendant was seen emerging from the cafeteria building on a Sunday evening carrying a box. The frozen food locker in the cafeteria had been emptied. Frozen food was found in the cafeteria and outside the cafeteria door. Almost 100 pounds of frozen food was found next to the fence surrounding the school grounds. Defendant was headed in the direction of the frozen food near the fence when apprehended.

### Expert testimony.

■ There is evidence that defendant was a narcotics addict. Dr. Penley testified as to the ability of a narcotics addict to function and as to defendant's mental capacity on the day of the crime. Defendant seeks a reversal on the basis that Dr. Penley's testimony was "incredible." There is no need to examine Dr. Penley's testimony. If this testimony was unworthy of belief, defendant has no one to blame but himself. He interjected his addiction into the trial; he called Dr. Penley as a defense witness. Defendant's complaint of prejudice from evidence that he brought into the case provides no basis for appellate relief. State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970); State v. Sedillo, 81 N.M. 47, 462 P.2d 632 (Ct.App.1969).

### Advice of rights.

■ Defendant claims the arresting officer failed to advise him of his constitutional rights prior to interrogating him. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).

The only evidence concerning any questioning of defendant before being advised of his constitutional rights is the testimony of the arresting officer. Defendant testified he had no conversation with the arresting officer before being advised of his rights.

According to the officer: he came up to defendant and asked defendant if he was the janitor, the defendant replying "yes;" he asked if defendant would let him in with a key and the defendant said "yes;" they started walking toward the door; defendant started to put his hands in his pockets and the officer told him not to do so; when they got to the door defendant said he didn't have a key. The officer testified that defendant's "no key" remark shocked him and " * * * I said, you are a burglar, aren't you, and he said yes, I am." The officer then arrested defendant.

■ The circumstances, as shown by the officer's testimony, show no coercive effect on defendant's admission that he was the burglar. The testimony was not inadmissible under Miranda v. Arizona, supra. State v. McLam, 82 N.M. 242, 478 P.2d 570 (Ct.App.1970); compare State v. Chacon, 80 N.M. 799, 461 P.2d 932 (Ct.App. 1969); and the third statement in State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App. 1969). Further, defendant did not object to the officer's testimony; his claim of not being properly advised of his rights is raised for the first time in this appeal. Even if the officer's testimony should not have been admitted defendant is in no position to complain. State v. Smith, 80 N. M. 126, 452 P.2d 195 (Ct.App.1969).

### Refused instruction.

■ The trial court refused to give a requested instruction to the effect that

involuntary drunkenness, from either alcohol or drugs, would excuse or justify criminal behavior. We do not consider the correctness of the legal rule which defendant sought by the requested instruction. We do not consider the legal rule because there was no factual basis for the rule; specifically, there was no evidence of involuntary intoxication. State v. Romero, 73 N.M. 109, 385 P.2d 967 (1963); compare State v. Herrera, (Ct.App.), 82 N.M. 432, 483 P.2d 313, decided March 12, 1971.

*Verdict based on passion and prejudice.*

 Defendant asserts the verdict was based on passion and prejudice. He claims the evidence is insufficient to convince reasonable people that he committed the burglary; therefore, the jury convicted him because he was a narcotics addict. Our answer has two parts: (1) substantial evidence shows he committed the burglary, and (2) the record does not establish any passion against or prejudice to defendant from the evidence that he was an addict. This claim is pure speculation and is without merit.

The judgment and sentence is affirmed. It is so ordered.

SPIESS, C. J., and SUTIN, J., concur.