492 P.2d 1005

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Ernesto VASQUEZ, Defendant-Appellant.**
**No. 738.**

Court of Appeals of New Mexico.
Dec. 22, 1971.

H. Gregg Privette, Las Cruces, for appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty., Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Defendant was charged with and convicted of the crime of aggravated battery contrary to § 40A–3–5, (C) N.M.S.A.1953 (Supp.1969). He asserts two points for reversal.

We affirm.

Just prior to the shooting by defendant of Manuel Chavez, Chavez and his wife were standing on the sidewalk outside of the Casa Manana Bar. Chavez had been drinking for about three and a half hours and wanted to continue drinking. His wife was trying to get him to go home. Defendant was walking by, holding a three-year-old girl in his arms, and as he looked at Chavez, Chavez told him to keep moving. Defendant stated that Chavez used vulgar language directed at defendant. Those vulgar words as translated by defendant were " . . . follow the road, don't go." Chavez then approached defendant with a knife and came within a distance of about eight or nine feet and defendant pulled his pistol and shot Chavez twice. There was evidence that defendant could have retreated into the bar.

It is under the foregoing set of facts that defendant challenges the refusal to give certain requested instructions and the introduction into evidence of the gun.

## INSTRUCTIONS

A party is entitled to have an instruction on his theory of the case submitted to the jury if there is evidence reasonably tending to sustain such a theory. State v. Durham, Ct.App., 83 N.M. 350, 491 P.2d 1161, 1971.

■ A. The defendant submitted an instruction as to the basis upon which the jury could find that the shooting was justified or excusable. However, the trial court modified the instruction by deleting the last sentence of the instruction which read:

"The shooting of Manuel Chavez by Ernesto Vasquez is excusable if you find that such shooting was committed by accident or misfortune in the heat of passion, upon any sudden and sufficient provication [sic]."

Defendant contends the instruction is based upon § 40A–2–8, N.M.S.A.1953 (Repl.Vol.1964) (justifiable homicide). The language, however, appears to be taken from § 40A–2–6, N.M.S.A.1953 (Repl. Vol.1964). Even if the above statutes providing for defenses in a homicide case may be read into a non-homicide case, a point we do not decide, we fail to find any evidence which would justify an instruction relating to an " . . . accident or misfortune in the heat of passion, upon any sudden and sufficient provication [sic]." Had the complete requested instruction been given it would have injected a false issue into the case. State v. Mora, 81 N. M. 631, 471 P.2d 201 (Ct.App.1970).

■ B. Defendant next contends that the court erred in refusing to give his complete requested instruction as to what

constitutes an assault. The trial court eliminated the last phrase from the requested instruction, which read:

"... or the use of insulting language towards another impuning [sic] his honor, delicacy or reputation."

The Spanish language used does not appear in the record but the translation made by the defendant was "... that means follow the road, don't go." We disagree with defendant's contention that the language used comes within § 40A–3–1, N. M.S.A.1953 (Repl.Vol.1964). Defendant's theory of the case must be supported by some evidence. State v. Mora, supra.

As a matter of law the language as translated by defendant does not tend toward impugning the honor, delicacy or reputation of another.

**C.** The defendant next contends that the trial court erred in refusing his requested instruction which stated:

"If you find that Manuel Chavez committed an assault upon defendant, and thereby provoked defendant than [sic] you shall find the defendant not guilty as charged."

Defendant's contention here is that there was evidence to support his theory of the case and accordingly it was the duty of the trial court to direct the jury's attention to facts which the defendant contended constituted a defense. We disagree. The requested instruction, in effect, would have told the jury that an assault which provoked defendant would justify or excuse the shooting. No limitation on the provocation is included within the instruction. Since an instruction, which was given, told the jury what would justify or excuse the shooting, this requested instruction, which contained no limitation on the provocation, would have confused the issue of justification or excuse and, therefore, was properly refused. State v. Selgado, 76 N.M. 187, 413 P.2d 469 (1966); State v. Beal, 55 N. M. 382, 234 P.2d 331 (1951); compare State v. Buhr, 82 N.M. 371, 482 P.2d 74 (Ct.App.1971).

**D.** The trial court instructed the jury that the material allegations must be proven beyond a reasonable doubt and that one of the material allegations of the charge was an "intent to injure." See § 40A–3–5(A), supra. In addition, the jury was instructed that it could consider defendant's "acts, conduct and doings" in resolving the issue of intent. Defendant does not complain of these instructions. He claims that a requested instruction, which was refused, went to an element of intent not covered by the instructions given. The part of the requested instruction on which defendant relies states: "When a specific intent is required to make an act an offense, such as in the charge preferred against the defendant herein, the doing of the act, in and of itself, does not raise any presumption that it was done with such a specific intent."

Refusal of the requested instruction was not error. Since the jury had been instructed that it could consider defendant's acts in resolving the question of intent, to have informed the jury that no presumption of intent results from the doing of an act would have confused the jury unless an explanation was given as to what was meant by "presumption." State v. Selgado. supra. Further, the issue of "intent to injure," as required by the statute, was adequately covered by the instruction given. State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App.1970); see State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969).

**E.** The trial court did not instruct the jury on the effect of drunkenness upon the issue of intent. Defendant claims error because the trial court refused his requested instruction on that issue. Assuming there was sufficient evidence for this issue to be considered by the jury, nevertheless, refusal of the requested instruction was not error because its wording was not a correct statement of the law. Section 40A–3–5(C), supra, requires an "Intent to injure." See State v. Turner, 81 N.M. 450, 468 P.2d 421 (Ct.App.1970). The requested instruction referred to "a specific intent

to commit an aggravated battery." Thus, on this issue, the requested instruction referred to a specific intent to have the intent to injure. This would have been misleading to the jury. State v. Beal, supra. The requested instruction was properly refused. State v. Gonzales, 82 N.M. 388, 482 P.2d 252 (Ct.App.1971).

## ADMISSION OF THE GUN INTO EVIDENCE

Defendant was arrested some two hours after the shooting and at that time he had a gun in his possession. The arresting officer testified that the pistol he found in defendant's possession had been fired one time. All the testimony furnished by the state established that at the scene of the shooting defendant had fired the gun twice. It is defendant's contention that the gun which was produced as an exhibit and introduced into evidence was not the gun which was used in the shooting.

An examination of the record reveals however that after the close of the state's case the defendant took the stand, admitted possession of the gun and admitted shooting Manuel Chavez twice with the gun introduced into evidence.

Although there might have been a deficiency in the foundation laid for the introduction of the gun at the time of its admission into evidence any error which may have been committed was cured when defendant took the stand and testified that the gun introduced was the gun he used. State v. Kidd, 24 N.M. 572, 175 P. 772 (1918). Defendant further contends that because of the state's failure to identify the gun introduced into evidence as the same gun used in the shooting the introduction of the gun into evidence was inflammatory and unduly prejudicial to defendant's right to a fair trial. We fail to see how such introduction was inflammatory and prejudicial since defendant admitted possession of the gun and in using it to twice shoot Mr. Chavez. State v. Coyle, 39 N.M. 151, 42 P. 770 (1935).

The judgment is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.

COWAN, J., not participating.