505 P.2d 1258

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Terry SEATON, Defendant-Appellant.**

**No. 980.**

Court of Appeals of New Mexico.

Jan. 5, 1973.

Daniel J. Behles, Behles & Behles, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Was Seaton denied a speedy trial in violation of his statutory and constitutional rights? We say "no."

Seaton was arrested November 7, 1971, on felony charges. An information was filed November 24, 1971. An arraignment was held on November 29, 1971. On March 2, 1972, Seaton filed a motion to dismiss the information because he had been denied a speedy trial in violation of law. On March 9, 1972, approximately four months after the arrest, the case came on for trial and Seaton's motion to dismiss was overruled. Seaton excepted to the court's ruling.

The trial court overruled Seaton's motion on the basis that Supreme Court Rule 95 (1) [§ 21–1–1(95)(1), N.M.S.A.1953 (Repl. Vol. 4, Supp.1971)] takes precedence over § 41–11–4.1, N.M.S.A.1953 (2nd Repl.Vol. 6, Supp.1971) since repealed. Laws of 1972, ch. 71, § 18. See, Southwest Underwriters v. Montoya, 80 N.M. 107, 452 P.2d 176 (1969).

Rule 95(1), supra, effective July 1, 1971, provides that the trial of all persons charged with commission of a crime shall be commenced within six months of the filing of the information. Trial was commenced within this period of time.

Defendant asserts, however, that he was not tried within the time provided by § 41–11–4.1, supra. State ex rel. Delgado v. Stanley, 83 N.M. 626, 495 P.2d 1073 (1972), answers this contention. That case held that the statute need not be considered since Rule 95 "covers the field."

Defendant's claim of a denial of his constitutional right to a speedy trial is answered by State v. Mascarenas, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972).

Seaton was not denied a speedy trial.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.