THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE MINES, Defendant-Appellant.

(No. 54302;

First District—March 15, 1971.

Edward B. Beis, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

A jury convicted defendant of reckless conduct. (ch. 38, par. 12—5). The court sentenced him to 9 months at the Illinois State Farm. The complaint charged that defendant endangered the bodily safety of Officer Nickolas Graves by recklessly throwing bricks at him. The incident arose out of mob action which might be euphemistically described as a "civil disturbance." This took place on August 6, 1968, in and about a car wash in Harvey, Illinois, in the vicinity of 147th Street and Dixie Highway.

The complaining witness, Officer Nickolas Graves of the Harvey Police Force, testified that he knew the defendant by name; that the defendant was in the crowd, which he estimated at from 200 to 250 people, and that defendant was throwing stones, one of which struck the witness on the left leg. Officer Richard Czarniecki, of the City of Harvey, testified that he saw the defendant throw two rocks at the police officers but that he did not see any of the missiles strike the complaining witness. Czarniecki confronted the defendant and sought to place him under arrest but he ran away. Sgt. Phillip Hardiman, of the Cook County Sheriff's Police, also knew the defendant and observed him throwing rocks at passing cars and at the police. He believed that one of the rocks struck the complaining witness on the right side. Officer William Martin also knew the defendant by sight but not by name. He observed the defendant throwing rocks toward a parking lot where police officers had gathered. This activity occurred in the later part of the evening approximately at 11:00 or perhaps as late as 11:30.

The defendant testified in his own behalf. He stated that he lives in

Dixmoor, Illinois. He left home between 3:00 and 3:30 in the afternoon and went to play basketball in the school grounds. After that, he rode about with his friend, Roy Rosborough, until about 10:00 or 10:15 that evening. At that time, he went into a tavern on 147th Street to purchase some beer. As he started to walk back to the school grounds, he passed the vicinity of the car wash. Some police officers called him across the street. When he came over, they asked if he knew that there had been a disturbance there during the evening. He answered affirmatively and the officer asked him if he was throwing rocks. He denied this but six police officers commenced to beat him and he was taken into custody.

This version of the incident is partly corroborated by defendant's friend, Roy Rosborough, who testified that the policemen called defendant over from across the street to the car wash and that was the last that he saw him that evening. He testified that he had been with defendant playing basketball until dark and that they had walked to the tavern together. He also testified that he did not see the defendant throw rocks at the police officers.

For reversal of the judgment, defendant raises three points. First, he contends that defendant was prejudiced by questioning which inferred that he had been in previous trouble with the police since they knew him by name and sight. Along similar lines, he contends that the evidence was prejudicial because the State's attorney raised the implication that defendant was part of a large mob creating a civil disorder. Defendant also contends that the trial court erred in receiving in evidence videotape pictures of the car wash and surrounding area.

■■ We find no prejudice in the evidence as adduced by the State's Attorney. Defendant cites no authority in his brief which holds that the introduction of evidence in this manner was prejudicial. It was fair and proper for the police to show that they knew the defendant as this would tend to bolster their identification of him as a person who threw rocks. It was also fair and proper for the witnesses to relate the surrounding circumstances, including the presence of the mob. In our opinion, this was material and probative in an effort to show the jury the background of the incident and also to establish motive for the conduct of the defendant. *People v. Wilson*, 46 Ill.2d 376, 380; *People v. Harris*, 46 Ill.2d 395, 399.

■■ The evidence is more than ample to prove the guilt of the defendant of the crime charged beyond a reasonable doubt. It is true that the evidence of defendant and his friend contradict the evidence adduced by the prosecution. However, it is basic and elementary that the verdict of this jury may not be set aside by us unless it is so palpably contrary to the weight of the evidence and so unsatisfactory as to create a

reasonable doubt of guilt. (*People v. Hairston,* 46 Ill.2d 348, 366; *People v. Nicholls,* 44 Ill.2d 533, 540; *People v. Parker,* 120 Ill.App.2d 71, 78; *People v. Olbrot,* 117 Ill.App.2d 366, 374.) We accordingly reject the first two contentions raised by defendant.

Donald Carlson, a Lieutenant in the Harvey Police Department, testified with reference to the challenged videotape photographs. He testified that the photographs were taken by him on January 21, 1969 at 11:00 A.M. and that they reflected the area in question. He testified that he took these pictures from two locations when approximately 100 feet from the car wash. He testified that the pictures truly and accurately represented the area as it appeared on January 21, 1969, when the pictures were taken and that the area had not materially changed from the time of the incident.

Defendant, by his counsel, objected to the introduction of the videotape. These objections are: first, that the State failed to show that the tape was material to the issue of the defendant's guilt; second, that the State failed to show that the exhibit reflected the same conditions and circumstances as existed when the incident took place so that the tape as offered would be a distortion and inaccurate representation; third, that the photographs were taken under different weather conditions in the winter while the incident had occurred in the summer. Finally, the point is raised that the State must show that the photographer had some special training or background. Another point thereafter raised by counsel was that the pictures would inflame the jury and prejudice defendant by showing a boarded up building.

■■■ The contention by defendant regarding the necessary foundation for introduction of the photographs is, in our opinion, not well taken. We hold that for the introduction in evidence of photographs or videotape films it is not necessary to show the skill or training of the photographer but the only necessary foundation is that the photographs or pictures clearly and accurately portray that which they purport to represent. (See Cleary Handbook of Illinois, Evidence, par. 13.5 at page 231.) As to the first objection regarding materiality to the guilt of defendant, this was a matter for the trial court to determine within his discretion. Actually, a film of this kind would ordinarily seem to us to be helpful to the jury which might be unfamiliar with the area. Also, the evidence would be only cumulative and its admission would be primarily within the discretion of the court. (*People v. Lawrence,* 126 Ill.App.2d 202, 208.) The record shows no changes in conditions prior to taking the films which would be prejudicial to defendant's rights.

■■ However, in our opinion, defendant is not in position to raise this point or any of the remaining points concerning admissibility of the

videotapes. The tapes have never been made available to this court by defendant. We believe that the trial judge was empowered to direct transmission of the original film to this court for review. (Supreme Court Rule 363, 43 Ill.2d Rule 363.) Apparently defendant never resorted to this remedy. See also Supreme Court Rule 608(b) regarding incorporation of exhibits in the Report of Proceedings. Consequently, in the absence of any showing to the contrary, we must conclude that the films were properly received in evidence. *People v. Cloutier,* 64 Ill.App.2d 177, 184; *People v. Walker,* 56 Ill.App.2d 81, 85; *People v. Wallace,* 35 Ill.2d 620, 622.

■■■ The purpose of review is not to make certain that the record is entirely free from any error of any kind. In this instance, we are satisfied that the verdict is well supported by competent evidence beyond a reasonable doubt. In such case, where there is no showing of material prejudice to the defendant, it is our duty to affirm the judgment of the trial court. (*People v. Tranowski,* 20 Ill.2d 11, 17; *People v. Pelkola,* 19 Ill.2d 156, 162; *People v. Dickman,* 117 Ill.App.2d 436, 443; *People v. Powell,* 98 Ill.App.2d 340, 345.) The judgment is affirmed.

Judgment affirmed.

BURKE, P. J., and LYONS, J., concur.