487 P.2d 919

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jake MARTINEZ, Defendant-Appellant.**

**No. 675.**

Court of Appeals of New Mexico.

July 23, 1971.

Douglas T. Francis, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of armed robbery, § 40A–16–2, N.M.S.A.1953 (Repl.Vol. 6), defendant ap-

peals. The four issues, and our answers, follow:

*Failure to provide defendant with a copy of co-defendant's trial transcript.*

■ A co-defendant to the armed robbery charge had been previously tried on a kidnapping charge. Defendant claims the trial court erred in failing to provide him a copy of the transcript of that trial. His argument, and the cases cited in support, is directed to defendant's right, as an indigent, to free access to instruments needed to vindicate defendant's legal rights. The argument is misdirected.

Co-defendant's trial was held on September 16 or 17, 1970. According to defendant, the co-defendant was sentenced on September 24, 1970, and a praecipe calling for a complete transcript of that trial was filed September 29, 1970. Defendant filed his motion asking for the transcript on January 6, 1971, filed a brief in support of the motion on January 11, 1971, and the motion was argued immediately prior to the trial on January 12, 1971.

The evidence is undisputed that the transcript had not been completed, and was not available, on January 12, 1971. According to defense counsel, the delay in preparation of the transcript occurred because the court reporter was "taking the cases in order."

Since the transcript was unavailable, the trial court treated the motion as a request for a continuance and denied it as not being timely. A motion for continuance is directed to the discretion of the court and the denial of the motion is not error unless there is a clear abuse of discretion. State v. Deats. (Ct.App.), 82 N.M. 711, 487 P.2d 139, decided June 18, 1971.

Here, there is no showing of an abuse of discretion. Instead, the record shows that the motion requesting the transcript was not filed until six days prior to trial; that the court had not been asked at an earlier date to require completion of the transcript; that the suggested continuance was based solely on the fact that the transcript had not been completed. The trial court could properly deny the request under

these circumstances. Compare State v. Apodaca, 80 N.M. 244, 453 P.2d 764 (Ct. App.1969).

*Denial of a mistrial on the basis of the prosecutor's opening statement.*

■ In his opening statement, the prosecutor narrated the facts of the armed robbery which he intended to prove. In his narration, he referred to another man, not on trial, [the co-defendant], who " * * * went back in the room where the girls had been placed and took the girl named Cindy Cumfer and took her out of the room and escaped the police for the time being. * * "

Defendant objected to the remarks " * * referring to Cindy Cumfer and the taking away of Cindy Cumfer which is prejudicial as the jury has no reference to that in this case and it ties in with another crime. * * * " Defendant's motion for a mistrial was denied.

This is not a case where the prosecutor, in his opening statement, stated facts which he had reason to believe could not be proved. See State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970). The facts of the case, as shown by the evidence, are that two men, armed with guns, committed the robbery; that in committing the crime they required the three girls involved to go to a back room; that one of the robbers returned to the room, pointed his gun at another of the girls but took Cindy with him. This evidence came in without objection.

Defendant seeks a requirement that if there is a reasonable possibility that the prosecutor's "inappropriate remark" contributed to the conviction, the State must prove beyond a reasonable doubt that the error complained of did not contribute to the conviction. Such a rule is stated in State v. Jones, 80 N.M. 753, 461 P.2d 235 (Ct.App.1969) but that case dealt with prosecutor comments concerning the failure of a defendant to testify. That is not the situation here.

In this case, the prosecutor did no more than refer to the events of the armed robbery. His remarks were appropriate to that charge and were not error when the entire

record is considered. We do not consider whether the rule of State v. Jones, supra, should be extended to "inappropriate remarks" which do not amount to constitutional error, since facts for such an extension are not in the record before us.

A motion for a mistrial is addressed to the discretion of the trial court and is reviewable only on the basis of an abuse of discretion. State v. Verdugo, 78 N.M. 762, 438 P.2d 172 (Ct.App.1968). At the time the motion was made there was nothing to show an abuse of discretion because the facts were not then before the court and counsel did not represent to the court what the facts would be. After the evidence came in concerning the robbery, and without objection, the record affirmatively shows no abuse of discretion.

*Failure to instruct on a lesser included offense.*

 Defendant submitted a requested instruction on the lesser included offense of robbery. He claims the court erred in refusing to give this instruction. We disagree. Although robbery is a lesser offense included within the armed robbery charge, defendant was not entitled to have the jury instructed on the lesser offense unless there was evidence tending to establish it. State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971), and cases therein cited. The evidence is that defendant committed the robbery while armed. There is no evidence on which to base an instruction on the lesser offense of robbery.

*Confusing instruction.*

 The indictment charged defendant with taking money from the immediate control of Cindy Cumfer, Suzana Ybarra *and* Juanita Ybarra while armed with a deadly weapon. Two instructions told the jury that the proof must be in the conjunctive; that the taking of the money, while armed, must have been from each of the three girls.

Defendant submitted three requested instructions which, in essence, repeated the instructions given, but after naming the three girls in the conjunctive added the words "and all of them." He complains of the refusal of the court to insert these words, asserting that without them the instructions were confusing. Defendant states the jury might have thought the word "and" should be read as "or."

We see no confusion in instructions that told the jury that proof must be in the conjunctive. The instructions given were adequate; therefore, it was not error to refuse to add the additional words. State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App.1970).

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and SUTIN, JJ., concur.