488 P.2d 113

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Morris CHAPPELL, Defendant-Appellant.**
**No. 657.**

Court of Appeals of New Mexico.
Aug. 6, 1971.

David W. Bonem, Quinn & Bonem, Clovis, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Chappell was convicted and sentenced for aggravated battery. He seeks reversal on two points: (1) the trial court erred in refusing to declare a mistrial after inadmissible statements elicited from the defendant and mechanically reproduced were presented to the trial jury; (2) the trial court erred in failing to give one instruction tendered by Chappell.

We affirm.

■ A hearing on the admissibility of defendant's tape recorded statement was held out of the presence of the jury. The trial court made a preliminary determination that the statement was freely and voluntarily given and that the jury would be permitted to hear it. See State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971).

Foundation testimony as to the voluntariness of the statement and the circumstances under which it was recorded was presented to the jury. No objection was made that a proper foundation for admissibility had not been presented. See State v. Baca, 82 N.M. 144, 477 P.2d 320 (Ct.App. 1970).

The tape was played for the jury. Questioning of the officer on the witness stand was directed to other aspects of the crime. Defense counsel interrupted and, for the first time, raised a question as to the contents of the statement. His motion:

At this time we would move for a mistrial or in the alternative to request the Court to strike Exhibit 3 [the tape recording] from evidence and ask the jury to disregard the same for the reason that at the very outset [of] the said Exhibit 3 the defendant advised the police officers that he did not wish to answer "no more questions" and the police officers continued to question him.

After replaying the tape, out of the presence of the jury, the trial court ruled the objection was well taken. Shortly after the recording was underway, defendant stated: "I aint going to answer no more questions" but the questioning continued. The trial court ruled that all of the tape subsequent to the "no more questions" remark was inadmissible. Compare State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App. 1969).

After this ruling by the trial court, defendant changed his position. He no longer wanted the jury instructed to disregard the inadmissible portion of the tape. Defendant sought a mistrial.

The motion for mistrial was denied; the jury was instructed to disregard the inadmissible portions of the tape.

We need not determine whether the trial court should have listened to the tape recording before it was played for the jury and whether defendant should have been given an opportunity, at the hearing out of the presence of the jury, to object to specific portions of the tape recording. See

Wright v. State, 38 Ala.App. 64, 79 So.2d 66 (1954), cert. den. 262 Ala. 420, 79 So.2d 74 (1955); State v. Driver, 38 N.J. 255, 183 A.2d 655 (1962); Brewer v. State, 414 P.2d 559 (Okl.Cr.1966). The prosecutor had given defendant opportunity to listen to the tape recording in advance of trial, but defendant did not do so. Further, no issue was made as to the admissibility of the tape's contents until after it had been admitted. Compare State v. Soliz, 79 N.M. 263, 442 P.2d 575 (1968).

The issue is whether the trial court erred in failing to grant a mistrial when the grounds for excluding portions of the tape were not called to the trial court's attention until after the tape had been admitted and played to the jury. Compare State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938); State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970). "A motion for mistrial is addressed to the discretion of the trial court and is reviewable only on the basis of an abuse of discretion." State v. Martinez, 83 N.M. 9, 487 P.2d 919 (Ct.App.), decided July 23, 1971. See State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970), for a discussion of when the exercise of discretion is an abuse.

Defendant's contention is not based on information concerning the crime in the inadmissible portion of the tape. The content of what defendant said in that portion of the tape is consistent with his testimony from the witness stand. Defendant stated: "Our position would be that prejudice evolved from the laughter [of the defendant] and the language that was used [by the defendant] and could not be overcome by cautionary instruction. * * *" Thus, defendant asserts he should have been granted a mistrial because in discussing the crime in the inadmissible portion of the tape recording he laughed about the affair and used obscene language.

Having listened to the tape, we cannot say that the discretion exercised by the trial court in refusing to grant a mistrial was clearly against reason and, therefore,

we decline to hold there was an abuse of discretion. State v. Hargrove, supra.

 The trial court refused defendant's requested instruction concerning his "deluded belief." The request was properly refused because the insanity defense was sufficiently and accurately covered in instructions given. State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App.1970).

The conviction and sentence of Chappell is affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.