498 P.2d 697

STATE of New Mexico, Plaintiff-Appellee,

v.

Winston THURMAN, Jr., Defendant-Appellant.

No. 882.

Court of Appeals of New Mexico.

June 9, 1972.

Donald C. Cox, Easley & Reynolds, Hobbs, for defendant-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

**WOOD, Chief Judge.**

This appeal from a burglary conviction, see § 40A–16–3, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971), is concerned with a video tape which was admitted into evidence, after which, the jury was instructed to disregard certain portions of the tape. The issues are: (1) relevancy; (2) foundation for admission; and (3) whether there should have been a mistrial.

A neighbor heard glass breaking at a service station and telephoned the police. Responding, an officer saw a subject jump out of a broken window and flee. The officer observed the flight and, in attempting to stop the subject, fired three shots. The officer did not pursue the subject but returned to the station to investigate a possible second subject. Investigation at the station was interrupted by a call to go to the hospital because there was a man there with a gunshot wound. The wounded man was defendant. Defendant's fingerprints were identified as prints found on broken glass at the scene and on a radio inside the station.

About 2½ hours after the burglary, officers attempted to trail the person who fled from the service station by following what appeared to the officers to be blood spots. These spots were "small splotches, reddish color." This occurred in the early morning hours. Because of darkness, the officers could not locate parts of the trail.

After daylight, the officers returned and " * * * located the trail we had lost. * * * " "The trail and the whole sequence was video taped." An officer, present at the video taping, testified the tape was "true and accurate" as to what it purported to represent.

### Relevancy.

■ One of the defendant's objections to the admission of the tape was:

" * * * unless the State is prepared to prove * * * the spots they have taken pictures of are human blood, the evidence is not relevant. * * * " He defines relevancy as *tending to establish a material proposition.* We accept the definition. See McCormick, Law of Evidence § 152 (1954 Ed.); Black's Law Dictionary, "Relevancy" (4th Ed.1951); compare Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968); Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640 (1942).

■ Defendant asserts the tape was offered to prove that the person who fled from the scene "left a trail of human blood." He contends that absent proof that the spots were blood, the tape was not relevant and, therefore, inadmissible. We disagree with this characterization. The testimony of the officers is directed to the trail itself. The spots, referred to as blood, showed the trail. The trail led to or near the residence of defendant's father. Whether or not the spots were blood, the tape, which showed the trail, was relevant because it tended to connect defendant with the burglary.

### Foundation for admission.

Another of defendant's objections to the tape was that an insufficient foundation had been laid for its admission. The objection did not enlighten the trial court as to what "foundation" was lacking. On appeal, defendant asserts the lack was the foundation set forth in State v. Baca, 82 N.M. 144, 477 P.2d 320 (Ct.App.1970) for the authentication of sound recordings.

We assume, but do not decide, that the objection of "insufficient foundation" was sufficient to raise an authentication issue. See State v. Duran (Ct.App.), 83 N.M. 700, 496 P.2d 1096, decided April 14, 1972. At the time of this objection there had been no indication that the video tape contained more than pictures. The record contains references to pictures and to a "showing."

For authentication of still photographs, the required foundation is that the pictures fairly and accurately represent that which is shown by the pictures. State v. Foster, 82 N.M. 573, 484 P.2d 1283 (Ct. App.1971). The same rule is applicable to the authentication of a video tape picture. People v. Mines, Ill.App., 270 N.E.2d 265 (1971); State v. Newman, 4 Wash.App. 588, 484 P.2d 473 (1971); Williams v. State, 461 S.W.2d 614 (Tex.Cr.App.1970). The officer's testimony that the video tape was true and accurate as to what it purported to represent was a sufficient authentication of the picture. The rule of State v. Baca, supra, is not applicable to the picture portion of the video tape.

*Whether there should have been a mistrial.*

After the video tape was shown to the jury, the record indicates, for the first time, that the tape was a sound recording as well as pictorial. However, any question of authentication of the sound recording was made unnecessary by what transpired immediately thereafter.

The sound portion of the tape was a narration by an officer. Defendant moved to strike the portions of the tape which were hearsay. He also moved to strike the references to blood (there having been no attempt to show the officer was qualified to testify the spots which revealed the trail were blood, see State v. Foster, supra). The trial court not only sustained the motion to strike but instructed the jury to disregard additional portions of the narration not included in the defense motion. The trial court told the jury the "* * * only good this is [the video tape], is to show the spots and a trail of spots. * * *" It also told the jury the only credence to give the picture is that "* * * there was a trail of dark spots leading from close to the station * * * along the area that you have seen on the picture and that these gentlemen [the officers] have testified to. * * *"

Thereafter, defendant moved for a mistrial "* * * for the reason inadmissible evidence has been presented to the jury. * * *" He recognizes that a motion for mistrial is addressed to the trial court's discretion and is reviewable on the basis of an abuse of discretion. State v. Martinez, 83 N.M. 9, 487 P.2d 919 (Ct. App.1971).

Defendant asserts judicial discretion was abused. He claims the hearsay narration of the officers and the numerous references to blood were such that denial of the motion was clearly against the effect resulting from the inadmissible testimony. See State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970).

There are several answers to this contention. One is that a substantial portion of the hearsay stricken by the trial court had been previously presented to the jury through the testimony of officers, and the trial court, in its admonition, had clearly informed the jury that the witnesses, as to the spots, went no further than "seemed to think" they were blood. While not every error can be rectified by an instruction to disregard the improper evidence, in our opinion the circumstances in this case are such that we cannot say denial of the mistrial motion was clearly against reason. After viewing and listening to the video tape, we decline to hold, as a matter of law, that there was an abuse of discretion. State v. Pace, 80 N.M. 364, 456 P.2d 197 (1969); compare State v. Carlton, 83 N. M. 644, 495 P.2d 1091 (Ct.App.1971).

Another answer is that even if the trial court committed error in denying the motion for mistrial, such error was cured when defendant took the stand and admitted that he was the person shot by the officer and had fled from the service station in the direction shown by the trail of spots.

State v. Vasquez, 83 N.M. 388, 492 P.2d 1005 (Ct.App.1971).

██ A further answer is that the testimony of the officers, the fingerprint evidence and defendant's admission from the witness stand leave no reasonable possibility that evidence improperly admitted, and then stricken by the trial court, contributed to the conviction. The improperly admitted evidence was harmless error. Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

Although there is no reversible error, we invite attention to State v. Chappell, 83 N. M. 63, 488 P.2d 113 (Ct.App.1971), and the suggestion therein which, if followed, would have avoided the mistrial question discussed in this case.

The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.