500 P.2d 207

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alree SWEAT, Defendant-Appellant.**

**No. 889.**

Court of Appeals of New Mexico.

July 14, 1972.

---

Philip W. Steere, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Victor Moss, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Convicted of armed robbery in violation of § 40A–16–2, N.M.S.A.1953 (Repl. Vol.

6), defendant appeals. The issues are: (1) refusal of the trial court to give requested instructions on lesser included offenses; (2) refusal of the trial court to give requested instruction on entrapment.

The defendant alleges there was conflict in the victim's testimony such that the jury could have decided that there was no weapon. Therefore, the trial court should have given his requested instructions on the lesser included offenses of robbery and larceny. The pertinent parts of that testimony are as follows:

First, the direct examination:

"Q. Calling your attention to approximately eight o'clock or 8:10 P.M., did anything strange or unusual happen?

"A. I was looking at the paper and suddenly I heard the door open, but I didn't hear no car and there was a guy with a pistol, told me to get up and get the money, so I did.

"Q. Could you describe the individual that you saw standing with the pistol?

"A. All I can say, he had sort of a light gray jacket and black pants and had a stocking over his face and had a short snub gun."

Cross-examination:

"Q. Do you recall testifying at a preliminary hearing in Las Cruces before Judge Gonzalez about June 28th of this year, I was present and Mr. Pickett was present, do you remember?

\*  \*  \*  \*  \*  \*

"A. Yes, sir. You mean in the courthouse?

\*  \*  \*  \*  \*  \*

"Q. I believe that at that time I asked you the following question: 'You say you thought this individual had a gun, but it was covered up?' Did I ask you that question?

"A. Yeah, I think you did.

"Q. And did you answer: 'Well, the outside part, the snout wasn't.'

"A. Yes, sir.

"Q. And then didn't I ask you: 'You don't actually know if there was a gun or not?' Did I ask you that question?

"A. I think so.

"Q. And then you answered: 'Well, I guess so, all I could say was I saw that snub nose.' And then did I not ask you: 'You didn't actually know if there was a gun or not,' and you answered, 'No sir, not really.' Isn't that true?

"A. I think so.

"Q. So you actually, you really don't know if there was a gun involved or not, do you?

"A. Like I said, all I could see was the snub."

We believe that this testimony does not give rise to any other conclusion than that the defendant committed the robbery while armed. Defendant was not entitled to have the jury instructed on the lesser offenses because there was no evidence to establish them. State v. Martinez, 83 N.M. 9, 487 P.2d 919 (Ct.App.1971).

Defendant contends that the trial court erred in its refusal to give his requested instruction on entrapment. We disagree. One of the witnesses for the State was a paid informer. He worked with the Las Cruces police department and he was paid for informing on the defendant. The informer drove the defendant to the filling station where the crime was committed, waited for him and drove him away. The defendant gave the informer part of the proceeds of the robbery. Defendant contends that payment to the informer by the police and his participation in the commission of the crime constituted entrapment. Such is not the law in this State. The law is set forth in State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct. App.1968) :

"A defendant can be said to have been entrapped only when the officers or agents originate the criminal intent or design and use undue persuasion or enticement to induce defendant to commit the crime with which he is charged. He has not been entrapped if the officers or agents merely offer him an opportunity to commit an offense which he is ready and willing to commit."

". . . [A] defendant is entitled to have the jury instructed on his theory of the case *if there is evidence to support that theory*." [Emphasis ours]. State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965). There was no evidence in the record that the informer either persuaded or induced the defendant to commit the crime.

We affirm.

It is so ordered.

HENDLEY, and COWAN, JJ., concur.