This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                          **NO. 29,520**

**CECIL W. RIGGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his conviction for criminal damage to property over $1,000 in violation of NMSA 1978, § 30-15-1 (1963), conspiracy to commit criminal damage to property over $1,000 in violation of § 30-15-1 and NMSA 1978, § 30-28-2 (1979), and larceny over $250 in violation of NMSA 1978, § 30-16-1 (2006). This Court initially rejected Defendant's docketing statement, and Defendant filed an amended docketing statement. Based on Defendant's amended docketing statement, we issued a calendar notice proposing to affirm Defendant's convictions, but to remand for correction of Defendant's sentence. Defendant has filed a memorandum in opposition to this Court's proposed affirmance, and has moved this Court to amend his docketing statement. The State has filed a memorandum in support of this Court's proposed summary affirmance and remand for correction of Defendant's sentence.

In his motion to amend the docketing statement, Defendant seeks to add a speedy trial issue and a claim of ineffective assistance of counsel. Having given due consideration to Defendant's motion to amend the docketing statement, we deny Defendant's motion and proceed with summary affirmance. We further remand this matter for correction of Defendant's judgment and sentence by the trial court.

**DISCUSSION**

**I.    Suppression**

In this Court's calendar notice, we addressed Defendant's pro se habeas corpus motion which trial counsel characterized as a motion to suppress. We noted that no constitutional issues had been identified that would require suppression. We further noted this Court's confusion as to what statements or evidence Defendant was arguing should have been suppressed. Based on Defendant's memorandum in opposition, it appears that Defendant is arguing pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that the statements of his co-conspirators should have been suppressed because they implicated Defendant, but not another person Defendant alleges was involved, and because Defendant's co-conspirators had an opportunity to discuss their stories before giving their statements. Defendant does not, however, provide any authority for this argument. An appellate court will not consider an issue if no authority is cited in support of the issue. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Accordingly, we do not address Defendant's argument.

**II.    Substantial Evidence**

Defendant continues to argue, pursuant to *Franklin* and *Boyer*, that there was insufficient evidence to support his convictions due to a lack of evidence

3

concerning the value of the property and value of the damage. Defendant contends that expert testimony was required. In this Court's calendar notice, we pointed out that unless there was something unique about the property that required expert testimony, the testimony of the property owner was sufficient to establish value. *See Whitley v. State*, 36 N.M. 248, 249, 13 P.2d 423, 423 (1932) ("Unless the property in question is of such a nature that only expert testimony is competent, non-experts with the requisite knowledge may testify as to its market value." (internal quotation marks and citation omitted)); *see also State v. Phillips*, 83 N.M. 5, 8, 487 P.2d 915, 918 (Ct. App. 1971) (affirming a larceny conviction which was based on the owner's testimony as to the value of her property). Defendant continues to assert that expert testimony was required. "A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law." *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993). To the extent, Defendant also asserts that the property owner was required to have receipts to corroborate his testimony regarding the value of the property, Defendant has not provided any authority to demonstrate that receipts are required. [MIO 4] *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330. We therefore affirm with respect to this issue.

**III.  Motion to Amend**

Defendant filed a motion to amend his docketing statement. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). We deny Defendant's motion to amend his docketing statement, as the issues he raises are not viable.

Defendant moves this Court to amend his docketing statement to raise the following issues: (1) a violation of his right to speedy trial, (2) ineffective assistance of counsel, and (3) that the district court erred by refusing to grant Defendant's pro se motion to have new counsel appointed. On the issue of Defendant's right to speedy trial, Defendant contends that his right to speedy trial was violated because trial commenced over six months after his arrest. [MIO 6] Defendant states that this was a simple case. [MIO 6] Defendant filed his motion for speedy trial on July 22, 2008. [RP 57] We apply *State v. Garza*, 2009-NMSC-038, ¶ 50, 146 N.M. 499, 212 P.3d 387, to motions for speedy trial filed after August 13, 2007. *See State v. Lopez*, 2009-NMCA-127, ¶ 21, __ P.3d __, __ N.M.

5

__. *Garza* provides that a delay in a simple case is not presumptively prejudicial unless it is at least twelve months. 2009-NMSC-038, ¶ 2. Defendant's speedy trial claim is therefore not viable.

To the extent Defendant wishes to raise an ineffective assistance of counsel claim, we conclude that Defendant has failed to raise a prima facie case of ineffective assistance. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (citing *State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992)). "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666).

Here, Defendant contends that his trial counsel was ineffective for waiving his rights to a prompt trial under Rule 5-604 NMRA, failing to advise Defendant regarding the elements of his crimes, failing to advise Defendant regarding his legal defenses, failing to hire an expert to rebut the alleged value of the property damage, and failing to subpoena exculpatory witnesses. [MIO 6] To the extent that Defendant challenges tactical decisions made by his trial counsel, this Court will not "second guess the trial strategy and tactics of the defense counsel." *Lytle*, 2001-NMSC-016, ¶ 43 (internal quotation marks and citation omitted). Moreover, Defendant does not demonstrate how the failure to subpoena exculpatory witnesses or hire an expert was prejudicial, as Defendant has not informed this Court what testimony these witnesses would have provided. *See State v. Baca*, 1997-NMSC-045, ¶ 20, 124 N.M. 55, 946 P.2d 1066 (stating that whether a defendant was prejudiced depends on whether "the allegedly incompetent representation prejudiced the case such that but for counsel's error, there is a reasonable probability that the result of the conviction proceeding would have been different"), *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36, 146 N.M. 357, 210 P.3d 783. Furthermore, to the extent Defendant contends that his trial counsel failed to advise him of the charges and legal defenses, and to the extent Defendant contends that trial counsel waived Rule 5-604 without

consulting Defendant, these matters are not of record. These matters are therefore more appropriately raised in a post-conviction proceeding. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

Finally, to the extent Defendant moves to amend his docketing statement to include his argument that the trial court erred by not granting his motion to have new counsel appointed, Defendant has not cited any authority in support of his argument that would demonstrate this issue is viable. Consequently, we deny Defendant's motion to amend his docketing statement to include the foregoing issues.

**IV.    Correction of Judgment and Sentence**

The judgment and sentence entered by the district court does not conform to the verdict entered by the jury. The jury was instructed and convicted Defendant of larceny under Section 30-16-1(B), for stealing property of "some value" which is a petty misdemeanor. The judgment and sentence, however, appears to enter a sentence under Section 30-16-1(C), which is a larceny over $250 and is a misdemeanor.

In our calendar notice, we proposed remanding this case to the district court for correction of the judgment and sentence, and the State does not object.

**CONCLUSION**

For the reasons stated above, we deny Defendant's motion to amend his docketing statement and affirm his convictions. We further remand this matter to the

district court for correction of Defendant's judgment and sentence.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**