This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                       **No. 31,487**

**JOSEPH CHAVEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Matthew G. Reynolds, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals from his conviction for armed robbery and two counts of resisting an officer. This Court issued a calendar notice addressing Defendant's challenge to the sufficiency of the evidence supporting his armed robbery charge and Defendant's claim of ineffective assistance of counsel based on the failure of trial counsel to adequately cross-examine witnesses. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, and motion to amend the docketing statement. Having considered Defendant's arguments, we deny Defendant's motion to amend his docketing statement and affirm.

**Sufficiency of Evidence to Support Armed Robbery**

Defendant maintains that there was insufficient evidence to support his conviction for armed robbery. Defendant contends that the State had to prove, among other elements, that Defendant "took and carried away money and merchandise from Pump & Save or from the immediate control of [the clerk]." [MIO 6] Defendant contends that, although he had cash on him, "there was no testimony that the cash could be traced to the store nor was there testimony that any of the merchandise was found on [him] or in the car." [MIO 7] Defendant, however, cites no authority to establish that such testimony was necessary. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited

2

authority to support an argument, we assume no such authority exists).  Moreover, we conclude that the jury could have reasonably inferred that Defendant was the person that brandished the knife and took money and merchandise from the store, based on the clerk's testimony alone.  *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

To the extent Defendant relies on the knife not being recovered to argue insufficient evidence, we noted in our proposed disposition that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts," and this Court does not reweigh evidence on appeal.  [CN 3]  Defendant has not provided this Court with any authority to support his argument that failure to locate the knife warrants reversal.  We therefore affirm on this issue.  *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

**Ineffective Assistance of Counsel**

Defendant challenges his convictions arguing that his right to effective assistance of counsel was violated.  In his docketing statement, Defendant asserted

that his counsel was ineffective based on counsel's failure to adequately cross-examine the clerk. In this Court's proposed disposition, we pointed out that trial counsel's failure to ask specific questions on cross-examination is a matter of trial strategy and tactics, and this Court "will not second guess the trial strategy and tactics of the defense counsel." [CN 4] We therefore proposed to conclude that Defendant had not demonstrated ineffective assistance of counsel.

In response, Defendant argues that there was no reasonable trial tactic that could explain counsel's performance, and that had trial counsel adequately performed his job the evidence would have overwhelmingly supported acquittal. [MIO 10] However, even if this Court were to agree that there was no reasonable trial tactic to justify trial counsel's failure to cross-examine the clerk, Defendant has not indicated what the fruits of an effective cross-examination would have been. Defendant's assertion that there would be overwhelming evidence to support acquittal is insufficient to satisfy his burden of showing prejudice. *See Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993) (providing that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Moreover, what testimony could have been elicited is not part of the record on appeal. Thus, to the

extent such evidence exists, this issue may be more appropriately raised through habeas corpus proceedings. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition....").

To the extent Defendant argues other grounds for ineffective assistance of counsel, we treat those arguments as part of Defendant's motion to amend since they are being raised for the first time in Defendant's memorandum in opposition.

**Motion to Amend Docketing Statement**

Defendant has moved this Court to amend his docketing statement to add an additional issue: Whether the district court's failure to instruct on the lesser included offense of robbery was fundamental error. To the extent Defendant argues new grounds for claiming ineffective assistance of counsel, we treat these arguments as part of Defendant's motion to amend.

The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989),

5

*overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

To the extent Defendant wishes to amend his docketing statement to challenge the district court's failure to instruct on the lesser included offense of robbery as constituting fundamental error, we deny Defendant's motion to amend because the issue is not viable. Fundamental error only exists in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633. In order to obtain an instruction on a lesser included offense, '[t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable.'" *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (quoting *State v. Curley*, 1997-NMCA-038, ¶ 5, 123 N.M. 295, 939 P.2d 1103). The failure to give such an instruction is reversible error. *State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69.

Here, Defendant contends the jury was presented with evidence that a knife was used, but that the knife was never found. [MIO 14] Thus, Defendant argues that the jury could have viewed the evidence in this case as establishing that Defendant's actions amounted to robbery but not armed robbery. [MIO 13] However, evidence

6

that the knife was not found is not evidence that a knife was not used in the commission of the crime. In *State v. Sweat*, 84 N.M. 122, 500 P.2d 207 (Ct. App. 1972), the defendant cross-examined the victim regarding whether the victim had actually observed the defendant with a gun. Under those circumstances, a panel of this Court held that the testimony did not give rise "to any other conclusion than that the defendant committed the robbery while armed. Defendant was not entitled to have the jury instructed on the lesser offenses because there was no evidence to establish them." *Id.* at 123, 500 P.2d at 208. Similarly, we conclude that in the instant case, the mere fact that the Defendant pointed out that the knife was never recovered is insufficient to establish that there is evidence to support a theory that a knife was not used in the commission of the robbery. We therefore conclude that, even had counsel requested the lesser-included instruction, it would not have been reversible error for the district court to have refused it. It therefore cannot constitute fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 ("If the error has been preserved we review the instructions for reversible error. If not, we review for fundamental error." (internal quotation marks and citations omitted)). We therefore deny Defendant's motion to amend the docketing statement to include this issue.

To the extent Defendant wishes to raise additional claims of ineffective assistance of counsel, we conclude that Defendant has failed to demonstrate a prima facie case of ineffective assistance based on the record below. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Roybal*, 2002-NMSC-027, ¶ 19 (citing *State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992)). "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness;' and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666) (internal quotation marks and citation omitted)).

Here, Defendant contends that his trial counsel was ineffective for failing to (1) move for a change of venue, (2) move to suppress Defendant's statement that he "did

it," (3) subpoena witnesses present during the alleged robbery, and (4) request a lesser-included instruction. [MIO 9-10] However, Defendant has not demonstrated how counsel's failure to do any of these things "fell below an objective standard of reasonableness" or would have changed the result of the proceedings below. For example, Defendant has not indicated on what basis suppression should have been argued in order to demonstrate that a motion to suppress would have been successful. Similarly, Defendant has not indicated what testimony the witnesses he claims counsel was deficient in not subpoenaing would have provided or how that would have impacted the jury's decision to convict him. Finally, to the extent Defendant contends that his counsel was ineffective based on his failure to request a lesser-included instruction on robbery, as we discussed above, a lesser-included instruction on robbery is not appropriate in this case. Thus, counsel was not deficient in failing to request the instruction. Because we conclude that Defendant has not demonstrated that his ineffective assistance claims are viable, we deny Defendant's motion to amend the docketing statement to include additional claims of ineffective assistance of counsel.

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

9

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**